## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| JAMILA N. BRANCH, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 4:19-cv-04654 |
| RECEIVABLES MANAGEMENT PARTNERS, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Jamila N. Branch ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, Receivables Management Partners, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227, and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392, *et seq.*

### JURISDICTION AND VENUE

2.   Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas, Plaintiff resides in the Southern District of Texas and Defendant maintains significant business contacts in the Southern District of Texas.

## PARTIES

4.   Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5.   Defendant is a debt collection agency with its headquarters located at 8085 Knue Road, Indianapolis, Indiana 46250. Defendant's primary business purpose is collecting or attempting to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Texas.

## FACTS SUPPORTING CAUSE OF ACTION

6.   Prior to the conduct giving rise to this action, Plaintiff defaulted on payments for medical debts incurred by her son who was diagnosed with autism ("subject debt").

7.   At some point thereafter, Defendant acquired the subject debt for the purpose of collection.

8.   In the end of 2018, Defendant began placing collection calls to Plaintiff's cellular telephone number (281) XXX-5087 attempting to collect on the subject debt.

9.   At all times relevant Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number ending in 5087. Plaintiff is and always has been financially responsible for this cellular telephone and its services.

10. Immediately after the calls began, Plaintiff answered a call from Defendant and requested Defendant to mail her verification of the subject debt and demanded that Defendant stop calling her.

11. This conversation did nothing to deflect the barrage of phone calls Defendant forced Plaintiff to endure, as Defendant continued to bombard Plaintiff with calls despite her request that they cease.

12. Plaintiff answered Defendant's calls on at least 2 separate occasions and demanded that Defendant stop contacting her on her cellular phone and to verify the subject debt via mail.

13. On November 26, 2019, Defendant placed no less than 3 phone calls to Plaintiff's cellular phone in the span of less than 2 hours.

14. Notwithstanding Plaintiff's repeated requests for Defendant to stop calling her, Defendant placed numerous harassing phone calls to Plaintiff's cellular between late 2018 and the present day.

15. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

16. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

17. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

18. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times in one day, and on back to back days, with such frequency as can be reasonably be expected to harass.

19. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS").

## DAMAGES

20. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

21. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's false, deceptive, and misleading collection efforts.

22. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

23. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses speaking with her attorneys.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

27. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent credit card accounts allegedly owed to a third party.

28. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

29. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

31. Defendant violated 15 U.S.C. §§ 1692c(a)(1), d, d(5), and f through its unlawful debt collection practices.

### a.  Violations of FDCPA § 1692c

32. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop on numerous separate occasions. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

33. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions, on back-to-back days, and multiple times in one day. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

34. Defendant was notified by Plaintiff that the calls were not welcomed. As such, Defendant knew its conduct was inconvenient and harassing to her.

### b.  Violations of  FDCPA § 1692d

35. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant that she needed verification of the subject debt and demanded that the calls cease.

36. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone without Plaintiff's consent with calls multiple times in one day, on back to back days, and on weekends.

### c. Violations of FDCPA § 1692f

37. Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debt. Plaintiff had already notified Defendant on multiple occasions that she required verification of the subject debt and Defendant continued to call Plaintiff without her consent. Defendant's unconscionable behavior was done in an effort to dragoon Plaintiff into paying the subject debt before verifying it.

38. As detailed above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff JAMILA N. BRANCH respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number

using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

41. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

42. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone.

43. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on her cellular phone.

44. Upon information and belief, the automated telephone dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

45. Defendant violated the TCPA by placing numerous harassing calls to Plaintiff's cellular telephone between late 2018 and the present day.

46. Any prior consent, if any, was revoked by Plaintiff's verbal revocations on multiple occasions.

47. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

48. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

49. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits and Plaintiff's expense.

50. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff JAMILA N. BRANCH respectfully requests that this Honorable Court:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Enjoining Defendant from further contacting Plaintiff; and
d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – DEFENDANT'S VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

51. Plaintiff restates and realleges paragraphs 1 through 50 as though fully set forth herein.

52. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

53. The subject debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

54. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

### a.  Violations of  TDCA § 391.302

55. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

56. Defendant violated the TDCA when it called Plaintiff repeatedly despite her requests that the calls cease. The repeated calls were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment on the subject debt.

57. Defendant placed these calls with such frequency that would make a reasonable person feel harassed. Defendant called Plaintiff on her cellular phone multiple times in one day, on back to back days, and on weekends. Moreover, Plaintiff requested validation of the subject debt on numerous occasions to no avail.

**WHEREFORE**, Plaintiff JAMILA N. BRANCH requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Entitle Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: November 26, 2019                              Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
*Counsel for Plaintiff*